IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DAVID HARRELL                                                                           PLAINTIFF


V.                              Civil No.12-cv-6108


GERALD ROBINSON, in his individual
and official capacity as the sheriff of Jefferson
County, Arkansas; STANLEY JAMES, in his
individual and official capacity as a
deputy sheriff of Jefferson County,
Arkansas; LAFAYETTE WOODS, in his
individual and official capacity as a
deputy sheriff of Jefferson County, Arkansas;
and the CITY OF HOT SPRINGS                                                         DEFENDANTS


## MEMORANDUM OPINION

Before the Court is Defendant City of Hot Springs's Motion for Summary Judgment (ECF Nos. 28 & 40). Plaintiff David Harrell ("Harrell") has responded. (ECF No. 41). Defendant City of Hot Springs has replied. (ECF No. 47). The Court finds the matter ripe for consideration.

### BACKGROUND

This case arises out of David Harrell's employment with the Jefferson County Sheriff's Department ("Jefferson County"). Jefferson County hired Harrell, a Caucasian male, on March 15, 2007. At the time Harrell was hired, Defendants Robinson, James, and Woods ("the Jefferson County Defendants") were supervisory officers.[1]

---

[1] The Jefferson County Defendants filed a separate Motion for Summary Judgment. (ECF No. 32).

1

After two and half years of employment, on November 3, 2009, Jefferson County terminated Harrell. At that time, the Jefferson County Defendants also requested that the Arkansas Commission on Law Enforcement Standards and Training ("the commission") decertify Harrell as a law enforcement officer.

On January 14, 2010, the commission held a pre-decertification hearing concerning Harrell. During the hearing, the commission and the Jefferson County Defendants discussed Harrell's employment history with Jefferson County. Specifically, Defendant Woods discussed Harrell's on-duty driving history, which included three accidents in a thirty-day period. He also accused Harrell of violating Jefferson County's policies and procedures during the accidents. Defendant Woods reported that during the investigation of the accidents, Harrell was evasive, argumentative, and uncooperative.

Defendant Woods also discussed an incident where a fellow officer discovered Harrell, in his patrol car, helping friends pull their car out of the ditch. Defendant Woods suggested that Harrell was helping his friends evade DWI charges. He further told the commission that the fellow officer accused Harrell of being intoxicated at the time of the incident. Defendant Woods claimed Harrell was dishonest when questioned about the incident by the Jefferson County Defendants. Based on this testimony, the commission voted to hold a decertification hearing.

After the pre-decertification hearing, on February 2, 2010, Harrell filed an EEOC charge against Jefferson County alleging race discrimination and retaliation. On July 8, 2010, the commission held a decertification hearing. After hearing testimony from Harrell and the Jefferson County Defendants, the commission voted to retain Harrell's law enforcement certification.

Following his termination from Jefferson County, Harrell sought alternative employment. Specifically, in January 2012, Harrell applied for a position with the Hot Springs Police Department ("Hot Springs"). Hot Springs's selection process requires applicants to pass a written civil-service test, a physical fitness test, a background investigation, a psychological evaluation, a polygraph exam, a doctor's physical exam, and a drug screening. Additionally, applicants must undergo an interview with the Civil Service Commissioners, an interview with three captains and the chief of police, and an in-home interview. Harrell passed both the civil-service test and physical fitness test. The Civil Service Commission then interviewed him. After the interview by the Civil Service Commission, Harrell ranked number one of the twenty-three candidates.

Hot Springs Corporal McCrary Means ("Means") then completed a background check on Harrell. When he applied for the position, Harrell had signed a release form authorizing Hot Springs to obtain information from his employment records.[2] Thus, Hot Springs was able to access Harrell's records from his employment with Jefferson County. The Jefferson County Defendants sent Hot Springs fourteen pages of documents from Harrell's employment file, which included the EEOC charge of discrimination Harrell filed against the Jefferson County Defendants. Additionally, in completing the background check, Means searched Harrell's name using the Internet search engine Google. Through the Google search, Means found a copy of the transcript from Harrell's January 14, 2010 pre-decertification hearing.

After reviewing Harrell's employment file and the transcript from the pre-decertification hearing, Means issued a report recommending that Hot Springs not hire Harrell. Specifically, in the report, Means stated:

---

[2]In his response to Hot Springs's Motion for Summary Judgment, Harrell asserts that the release violates Ark. Code Ann. § 11-3-204. However, Harrell did not plead a claim for a violation of Ark. Code. Ann. § 11-3-204 in his Complaint. Thus, the Court will not consider the claim.

> Mr. Harrell is presently employed as a realtor with Blackwood [R]ealtors of Little Rock. Prior to Blackwood [R]ealty, Mr. Harrell was employed with the Jefferson County Sheriff ['s] Office as deputy; he was employed there from March of 2007 to November 2009. He states that he was wrongfully terminated from that job. Mr. Harrell also lists his time that he served in the US Air Force as a firefighter and was a member of the honor guard and drill team.

On March 1, 2012, Hot Springs sent Harrell a letter informing him that he had not been selected for the position. The letter stated, "subsequent to a number of investigatory evaluations, you have not been selected to fill this position." On September 7, 2012, Harrell filed suit in this Court alleging employment discrimination claims.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cty. of LeSueur*, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## DISCUSSION

Harrell asserts that Hot Springs refused to hire him in retaliation for filing an EEOC charge against the Jefferson County Defendants. Harrell claims that Hot Springs's conduct is in violation of Title VII and the Arkansas Civil Rights Act ("ACRA").[3] Retaliation claims premised under ACRA claims are analyzed using the same standard as Title VII claims. *Henderson v. Simmons*, 217 F.3d 612, 615 n.3 (8th Cir. 2000). Accordingly, the Court will address Harrell's Title VII and ACRA retaliation claims collectively.

To defeat Hot Spring's motion for summary judgment on his retaliation claim, Harrell must provide either direct evidence of discrimination or create an inference of discrimination under the *McDonnell Douglas* burden-shifting framework. *See Young-Losee v. Graphic Packaging Int'l*, 631 F.3d 909, 912 (8th Cir. 2011). The Court will first discuss whether Harrell has provided direct evidence.

---

[3] In his Complaint, Harrell also brought a First Amendment retaliation claim, a claim under Ark. Code Ann. § 16-123-105, a Uniformed Services Employment and Reemployment Act claim, an Americans with Disabilities Act claim, a Family Medical Leave Act claim, and a Rehabilitation Act claim against Hot Springs. However, in his response to Hot Springs's summary judgment motion, Harrell moved to dismiss those claims against Hot Springs. Accordingly, as to those claims, Hot Springs's Motion for Summary Judgment is **GRANTED**.

"Direct evidence of retaliation is evidence that demonstrates a specific link between a materially adverse action and the protected conduct, sufficient to support a finding by a reasonable fact finder that the harmful adverse-action was in retaliation for the protected conduct." *Young-Losee*, 631 F.3d at 912. Direct evidence "most often comprises remarks by decisionmakers that reflect, without inference, a discriminatory bias." *McCullough v. Univ. of Ark. Med. Scis.*, 559 F.3d 855, 861 (8th Cir. 2009). Direct evidence may include evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments that demonstrate a discriminatory animus in the decision process, or comments uttered by individuals closely involved in employment decisions. *Bevill v. Home Depot U.S.A., Inc.*, 753 F. Supp. 2d 816, 824 (S.D. Iowa 2009).

In this case, Harrell argues that the copy of the EEOC charge in his employment file that Hot Springs examined satisfies his burden of producing direct evidence of retaliation to withstand summary judgment. Specifically, Harrell asserts that Means admitted that he did not recommend Harrell for employment because Harrell had filed an EEOC charge. However, Harrell makes this assertion with no citation to the record, and upon review of the record, the Court finds no statement by Means that the EEOC charge was the reason he did not recommend Harrell. The Court recognizes that Means admitted that he reviewed Harrell's employment file before making his recommendation and the EEOC charge was in the file. However, Means also states he considered other documents. Most significantly, Means considered the transcript from Harrell's pre-decertification hearing that discussed Harrell's disciplinary history. Therefore, the Court finds that Harrell has not provided direct evidence of retaliation.

Because Harrell has failed to produce direct evidence of a retaliatory motive, the Court must analyze Harrell's retaliation claim under *McDonnell Douglas*. Under the *McDonnell*

*Douglas* framework, Harrell must establish a *prima facie* case of retaliation consisting of evidence that: (1) he engaged in a protected activity; (2) the employer took an adverse employment against him; and (3) the two situations are causally connected. *Okruhlik v. Unvi. of Ark.*, 395 F.3d 872, 878 (8th Cir. 2005). "If an employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for its action." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1021 (8th Cir. 2011). "[I]f the employer does so, the burden then shifts back to the employee to put forth evidence of pretext." *Id.* (internal quotations omitted). In determining whether a plaintiff has produced sufficient evidence of pretext, the key question is not whether the stated basis for failure to hire actually occurred but whether the defendant believed it to have occurred. *Macias Soto v. Core-Mark Inter., Inc.*, 521 F.3d 837, 842 (8th Cir. 2008).

In this case, even if the Court assumes that he has proven a *prima facie* case of retaliation, Harrell has failed to demonstrate that Hot Springs's legitimate, nondiscriminatory reasons for its decision not to hire him were pretextual. Hot Springs asserts that it decided not to hire Harrell because of the information in the pre-decertification hearing transcript. From the transcript, Hot Springs learned that Jefferson County fired Harrell and sought to strip him of his law enforcement certification because of his disciplinary history. Further, the transcript detailed Harrell's disciplinary history, which included allegations of not following policies and procedures, driving a patrol vehicle while intoxicated, and concealing a friend's criminal activity. Even though Harrell denies fault for these incidents, he presents no evidence that Hot Springs knew the accusations from the transcripts were false and failed to hire Harrell despite their falsity. Accordingly, the Court concludes that Harrell has not demonstrated pretext and his Title VII and ACRA retaliation claims against Hot Springs must fail.

CONCLUSION

For the reasons stated above, the Court finds that Defendant City of Hot Springs's Motion for Summary Judgment (ECF No. 28 & 40) should be and hereby is **GRANTED**. Plaintiff's claims against Defendant City of Hot Springs are **DISMISSED WITH PREJUDICE**. An order of even date consistent with this Opinion shall issue.

**IT IS SO ORDERED**, this 15th day of May, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge