IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAVID HARRELL                                                                                          PLAINTIFF

V.                                              Civil No.12-cv-6108

GERALD ROBINSON, in his individual
and official capacity as the sheriff of Jefferson
County, Arkansas; STANLEY JAMES, in his
individual and official capacity as a
deputy sheriff of Jefferson County,
Arkansas; LAFAYETTE WOODS, in his
individual and official capacity as a
deputy sheriff of Jefferson County, Arkansas;
and the CITY OF HOT SPRINGS                                                          DEFENDANTS

**ORDER**

Before the Court is a Motion to Transfer (ECF No. 48) filed on behalf of Defendants Gerald Robinson, Stanley James, and Lafayette Woods. Plaintiff David Harrell ("Harrell") has responded. (ECF No. 50). The Court finds the matter ripe for consideration.

BACKGROUND

This case arises out of David Harrell's employment with the Jefferson County Sheriff's Department ("Jefferson County"). Jefferson County employed David Harrell from March 15, 2007, to November 3, 2009. During his employment, Defendants Robinson, James, and Woods ("the Jefferson County Defendants") were supervisory officers.

In his complaint, Harrell alleges employment discrimination claims against the Jefferson County Defendants.[1] Specifically, Harrell claims that the Jefferson County Defendants discriminated against him based on his race when they terminated his employment and sought to decertify him as a law enforcement officer. Further, Harrell claims the Jefferson County

---

[1] In his complaint, Harrell additionally alleged employment discrimination claims against the City of Hot Springs. However, upon consideration of the City of Hot Springs's Motion for Summary Judgment, the Court dismissed Harrell's claims against the City of Hot Springs. (ECF No. 55).

1

Defendants retaliated against him for filing an EEOC charge when they gave him negative references.

The Jefferson County Defendants move to transfer this action to the Eastern District of Arkansas, Pine Bluff Division pursuant to 28 U.S.C. § 1404(a).  The Jefferson County Defendants argue that because the Jefferson County Defendants and Harrell are residents of Jefferson County, the Eastern District of Arkansas is a more convenient forum.  The City of Pine Bluff is located in Jefferson County, and Jefferson County is in the Eastern District of Arkansas.

## DISCUSSION

Section 1404 (a) states:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  As the text of Section 1404(a) makes clear, the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *Terra Int'l. Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  A district court enjoys "much discretion" when deciding whether to grant a motion to transfer. *Id.* at 697.  However, transfer motions "should not be freely granted*."  In re Nine Mile Ltd.*, 692 F.2d 56, 61 (8th Cir. 1982), *abrogated on other grounds by Mo. Hous. Dev. Comm'n v. Brice*, 191 F.2d 1306 (8th Cir. 1990).

In this case, the Court finds that transfer of the case to the Eastern District of Arkansas, Pine Bluff Division is warranted.  First, there is no dispute that this case "might have been brought" in the Eastern District of Arkansas.[2]  Second, transfer is convenient for the parties and witnesses.  Harrell and the Jefferson County Defendants are all residents of Jefferson County.

---

[2] In his response to the Jefferson County Defendants' Motion to Transfer, Harrell argues that venue is proper in the Western District of Arkansas.  However, the Jefferson County Defendants do not assert that Harrell improperly filed the action in the Western District of Arkansas. They only argue that should the Court dismiss Harrell's claims against the City of Hot Springs, venue is more convenient in the Eastern District of Arkansas.

Additionally, the majority of the documentation and witnesses in this case would be in Jefferson County because Harrell's employment occurred there.  Finally, transfer is in the interest of justice.  Jefferson County is Harrell's residence, the Jefferson County Defendants' residence, and the place where a substantial part of the alleged discriminatory conduct occurred.  Thus, the Eastern District of Arkansas, the district where Jefferson County is located, has a strong interest in hearing this case.  Accordingly, the factors in § 1404(a) weigh in favor of transfer.

Harrell asserts that transfer is inappropriate because it would disrupt his choice of forum.  Normally, there is a presumption in favor of the plaintiff's forum. *Christensen Hatch Farms, Inc., v. Peavey Co.*, 505 F. Supp. 903, 911 (D. Minn. 1981).  However, courts afford significantly less deference to a plaintiff's choice when a plaintiff does not reside, and the underlying facts did not occur, in the selected forum.  *Moretti v. Wyeth, Inc.*, No. 07-3920, 2008 WL 732497, at * 1 (D. Minn. March 17, 2008); *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999).  In this case, Harrell does not reside in the Western District of Arkansas, and most of the underlying facts occurred in the Eastern District of Arkansas.

## CONCLUSION

Accordingly, for the reasons stated above, the Court finds that the Jefferson County Defendants' Motion to Transfer (ECF No. 48) should be and hereby is **GRANTED**.  The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Arkansas, Pine Bluff Division.  The trial of this matter scheduled for June 2, 2014, is hereby canceled.

**IT IS SO ORDERED**, this 15th day of May, 2014.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge